NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOHNNY LEE JACKSON, JR., *Appellant*.

No. 1 CA-CR 17-0795
FILED 12-4-2018

---

Appeal from the Superior Court in Maricopa County
No. CR 2015-117385-001
The Honorable Lauren R. Guyton, Judge *Pro Tempore*
The Honorable Mark Brain, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

Johnny Lee Jackson, Jr., Eloy
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Johnny Lee Jackson Jr. timely appeals from his convictions and sentences for possession of dangerous drugs for sale—cannabimimetic XLR-11 ("spice")—and possession of drug paraphernalia. After searching the record on appeal and finding no arguable question of law that was not frivolous, Jackson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Jackson to file a pro per supplemental brief, and Jackson did so. We reject the arguments raised in Jackson's supplemental brief and, after reviewing the entire record, find no reversible error. Therefore, we affirm Jackson's convictions and sentences.

### BACKGROUND[1]

¶2        While driving in a high crime area, a Phoenix police officer observed Jackson—who had a known reputation as a drug dealer—handing an object to another man. The man placed the object in a straw hat and tucked the hat under his arm. Based on the men's behavior and the officer's training, he believed he had witnessed a hand-to-hand drug transaction. The officer and his partner approached the two men and asked the man with the hat what Jackson had given him. The man did not answer but held the hat closer to his body.

¶3        Concerned for their own safety and acting to preserve evidence of a crime, the officers searched the hat. Inside they found a drawstring bag containing what appeared to be spice, along with 20 spice cigarettes. Testing later confirmed that the cigarettes contained cannabimimetic substances common in spice, including XLR-11. *See* Ariz. Rev. Stat. § 13-3401(6)(b)(vii). Police arrested and searched Jackson, finding

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Jackson. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

a small vial of liquor, money, and his car keys. Police then searched his car and found 242 cigar wraps, commonly used to wrap spice, and a notebook containing a handwritten pay-and-owe ledger.

¶4            After trial, the jury found Jackson guilty of possession of dangerous drugs for sale and possession of drug paraphernalia. Jackson had admitted to a prior felony conviction at trial; accordingly, he received the presumptive sentences for a person with a historical prior, 9.25 and 1.75 years respectively, to be served concurrently. The court awarded 47 days of presentence incarceration credit.[2]

**DISCUSSION**

¶5            In his supplemental brief, Jackson asserts that the court erred in denying his motion to suppress the cigar wraps found in his car. He argues the police conducted an illegal search. The superior court addressed Jackson's motion at an evidentiary hearing. An officer testified that upon arrest, Jackson asked the officer to give his belongings to a friend who stood near his car. The officer testified that when he passed Jackson's vehicle, he saw cigar wraps in plain view in the backseat. The wraps were consistent with the wraps surrounding the spice cigarettes found earlier. At that point, the officer testified that he opened the door of the vehicle when Jackson called out, consenting to the search and asking police not to impound his car. After searching the car, he found additional cigar wraps and the ledger. The court found the officer's testimony credible and denied Jackson's motion, reasoning that the police's discovery of the cigar wraps fell within the plain view exception of the Fourth Amendment because the officer was lawfully present and believed that the cigar wraps were connected to the drug transaction he witnessed earlier.

¶6            In reviewing a motion to suppress, we review the trial court's factual findings for an abuse of discretion, considering only the evidence presented at the suppression hearing. *State v. Mendoza-Ruiz*, 225 Ariz. 473, 474, ¶ 2 n.1 (App. 2010); *State v. Valle*, 196 Ariz. 324, 326, ¶ 6 (App. 2000). We view those facts in the light most favorable to sustaining the superior court's ruling and will defer to the court's determination of witnesses'

_____

[2]Jackson should have received only 46 days of presentence incarceration credit. The superior court's error is in Jackson's favor and is, therefore, not fundamental because it did not prejudice him. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (explaining fundamental error is error that goes to the foundation of the case and prejudices the defendant).

credibility. *Mendoza-Ruiz*, 225 Ariz. at 474, ¶ 6. We then review de novo the court's legal conclusion of whether the search complied with the Fourth Amendment. *Valle*, 196 Ariz. at 326, ¶ 6. In conducting our review, we will uphold the court's ruling if it is legally correct for any reason. *State v. Huez*, 240 Ariz. 406, 412, ¶ 19 (App. 2016).

**¶7**        Evidence collected in violation of the constitutional protections against unreasonable search and seizure is usually inadmissible in a criminal trial. *State v. Valenzuela*, 239 Ariz. 299, 302, ¶ 10 (2016); *see* U.S. Const. amend. IV; Ariz. Const. art. 2, § 8. Unless an exception applies, police must obtain a warrant before conducting a search. *State v. Peoples*, 240 Ariz. 244, 247, ¶ 9 (2016). One such exception is the plain view doctrine, which allows a police officer, who is lawfully present, to seize contraband within plain view when the object's evidentiary value is immediately apparent. *State v. DeCamp*, 197 Ariz. 36, 39-40, ¶ 14 (App. 1999).

**¶8**        Jackson argues that the officer's testimony at the suppression hearing conflicted with a police report narrative suggesting the cigar wraps were not in plain view, rendering the search illegal. We defer to the superior court's credibility determinations and here, the court found the police officer's testimony credible. The officer was lawfully present when he saw the cigar wraps from outside Jackson's car. The wraps, commonly used for spice cigarettes, were directly related to the drug-dealing charge for which Jackson had just been arrested, giving them evidentiary value. Additionally, police testified that Jackson consented to the search of his vehicle. Accordingly, the contraband seizure fell within the plain view exception of the Fourth Amendment.

**¶9**        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Jackson received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

**¶10**        The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Jackson's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Jackson was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

## CONCLUSION

**¶11**        We affirm Jackson's convictions and sentences. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Jackson of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Jackson has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA